UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Novus Franchising, Inc., a
Washington corporation,

          Plaintiff,

v.

Superior Entrance Systems, Inc., d/b/a
NOVUS Auto Glass Repair and
Replacement, a Wisconsin corporation,
Superior Glass, Inc., a Wisconsin
corporation, and Knute R. Pedersen, an
individual,

          Defendants.

File No. 3:12-CV-00204-WMC

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, FOR ORAL ARGUMENT OR AN EVIDENTIARY HEARING**

---

TO:    Defendants Superior Entrance Systems, Inc., d/b/a NOVUS Auto Glass Repair and Replacement, Superior Glass, Inc. and Knute R. Pedersen, and their attorney Kyle H. Torvinen, Esq., Knudson, Torvinen, Jones & Kirk, S.C., 823 Belknap Street, Ste. 222, Superior, WI 54880.

Plaintiff Novus Franchising, Inc. ("Novus") hereby respectfully moves this court for leave to file a reply brief in support of its Motion for a Preliminary Injunction to be submitted no later than five (5) business days after this motion is granted and not to exceed ten (10) pages in length, exclusive of supporting affidavits and exhibits. Novus requests leave to file a reply brief because Defendants raise new issues in their responsive papers that bear upon Novus's Motion for a Preliminary Injunction. In the alternative, Novus requests this Court permit oral argument at a time and date convenient to the Court, or, alternatively, grant an evidentiary hearing.

The issues Novus seeks to address in a reply brief are:

1. The inconsistencies in the Defendants' statements that Novus provided no benefit under the Franchise Agreement, including the statement that Defendants obtained no benefit from the use of the NOVUS® name. Defendants have admitted that they built an advertising campaign around the NOVUS® name that was so valuable they had no choice but to renew the Franchise Agreement in 2006;

2. The conflict between Defendants' statement that Novus's products and name are not synonymous with the highest quality glass repair services in the industry. Novus seeks to supplement the record with evidence showing SGI's advertisements as a reputable NOVUS® repair facility up through 2010, which will also provide further evidence that Defendants benefitted from the use of the NOVUS® name;

3. That Defendant Knute R. Pedersen, primary shareholder and President of SES, clearly a savvy businessman based upon the averments made by Defendants, was placed in a position by Novus where he had no choice (in his own words "compelled") but to accept the terms of the integrated renewal Franchise Agreement in 2006 (under which Defendants purportedly obtained no benefit) that he knowingly disputed, for a full ten-year term;

4. That Novus's co-branded franchise agreements contain the same or similar restrictive covenants and that there are no facts to support Defendants' assertion that they would have negotiated a release from those covenants had a co-branded franchise agreement been entered into;

5. That SES premised its entire franchise relationship with Novus on a falsehood, since unbeknownst to Novus and contrary to the parties' Franchise

Agreement, SGI was the actual party who obtained the benefits under the Franchise Agreement, all in an attempt to evade SGI's obligations under a labor contract;

6. That Novus and the Defendants agree that the harm Defendants would suffer if an injunction issues is slight, since Defendants agree that SGI's repair business is less than 1% of its total business;

7. The hypocrisy of Defendants' statement that SES and/or SGI ceased making royalty payments under the Franchise Agreement to "initiate a dialogue" with Novus. After ceasing making payments, it took SES over nine months to "initiate a dialogue" by sending a letter on August 23, 2011 that fails to indicate any breaches of the Franchise Agreement by Novus except that SES has "received no benefit," now clearly a false statement given the statements that SES renewed its Franchise Agreement to continue using the NOVUS® name; and

8. That Minnesota law is not applicable to the dispute, but regardless, the standards are virtually the same. However, Defendants improperly rely upon Minnesota law related to covenants not-to-compete in the employment context, rather than the applicable sale of business context.

Dated: April 27, 2012  /s/Susan E. Tegt
James M. Susag (WI 1038421)
Susan E. Tegt (MN 387976)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
jsusag@larkinhoffman.com
stegt@larkinhoffman.com
(952) 835-3800

Attorneys for Plaintiff Novus Franchising, Inc.

1403094.1

3.