UNITED STATES DISTRICT COURT
for the WESTERN DISTRICT OF WISCONSIN

Novus Franchising, Inc.,   Case No. 03:12-cv-00204
　　　　　　　　　　　　　　　Hon. Stephen L. Crocker

　　　　　　Plaintiff,

　　v.

Superior Entrance Systems, Inc.,
a Wisconsin corporation,
Superior Glass, Inc., a Wisconsin
corporation, and Knute R. Pedersen,
an individual,

　　　　　　Defendants.

**DEFENDANTS' AMENDED MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

　　TO:　Plaintiff Novus Franchising, Inc.
　　　　　c/o its attorneys:
　　　　　James M. Susag and Susan E. Tegt
　　　　　Larkin Hoffman Daly & Lindgren Ltd.
　　　　　1500 Wells Fargo Plaza
　　　　　7900 Xerxes Avenue South
　　　　　Minneapolis, Minnesota 55431

Defendants Superior Entrance Systems, Inc., Superior Glass, Inc., and Knute R. Pedersen respectfully amend their request that this court to grant them leave to file a sur-reply brief in opposition to Plaintiff's Motion for a Preliminary Injunction. Defendants' would request to file no later than five business days after leave is granted by the court, and Defendants' sur-reply brief would not exceed ten pages in length.

In light of the Western District's "Procedure to Be Followed on Motions for Injunctive Relief", Defendants understand preliminary injunction procedure to grant them the final

Case: 3:12-cv-00204-wmc Document #: 45 Filed: 05/10/12 Page 2 of 5

opportunity to reply. Section III, Part C. In addition, Plaintiff's Reply Memorandum of Law in Support of Motion for Preliminary Injunction misinterprets and misstates numerous aspects of Defendants' factual and legal statements. Defendants request to address the following faulty statements of Plaintiff's Reply:

1. The difference between <u>attempting</u> to profit and benefit from an association with the Novus name and <u>actually</u> profiting and benefiting from an association with the Novus name. In spite of Defendants' significant advertising expenditures using Novus names and marks, feedback from actual customers and an internal audit indicated that the Novus name yielded <u>no additional revenue</u> or any benefit to Defendants. Affidavit of Ellison, ¶¶ 16-18.

2. Plaintiff attached an archived page of SGI's website which from July 20, 2010, and asserted it as proof that SGI benefited from use of the Novus name. 2nd Beveridge Declaration, ¶ 22, Ex. G. That exhibit proves only that Defendants were attempting to market the Novus name at that time, and has no bearing on the profitability of any such attempts. In other words, Plaintiff has not, and cannot, show that any Defendant benefited in any fashion from use of the Novus name and marks. Defendants removed all references to Novus that they were aware of, and when made aware of an oversight, promptly had the overlooked phrase removed. Aff. of Ellison, ¶¶ 19-20.

3. Novus's contention that it will succeed on the merits of its claim. It is uncontroverted that the most important prerequisite for enforcement of any restrictive covenant is that the party seeking enforcement must have a protectable interest. Novus has not contributed anything to any Defendant which constitutes a protectable interest, as evidenced by the fact that each and every Defendant was thriving long before any

association with Novus, as well as the fact that Novus simply has not complied with any provision under the Franchise Agreement save for allowing Defendants to use its names and marks, use which was compensated.

4. Novus's statement that the harm Defendants would suffer is "admittedly slight." To the contrary, Knute Pedersen is known in and throughout the community as the figurehead, leader, and driving force behind SES and SGI. That status is of incalculable value in a small community like Superior, particularly when SGI has been in operation in some form since prior to World War I. Plaintiff's suggestion of a simple "paper shuffle" to remove the auto glass repair division from SGI proves that the harm they claim to be suffering is non-existent. They are not even seeking to halt operation of SGI's auto glass repair business, only to remove Pedersen from an ownership position. They cannot seriously contend that they are suffering irreparable harm when they do not even seek to halt the operation of the specific business they claim is the root of their harm.

5. Plaintiff's repeated attempts to seize the "394-5588" phone number which has been assigned to SGI and its predecessors since 1968. See Aff. of J. Colborne, ¶ 12, Ex. B. Plaintiff has chosen to ignore clear evidence that "394-5588" has long pre-existed Novus itself, and has in fact always been assigned to SGI and its predecessors. Plaintiff has not demonstrated in any way that said number should be transferred to Novus.

6. Plaintiff's assertion that it did not waive Pedersen's restrictions from involvement in auto glass repair. Novus has chosen to completely ignore the fact that SGI, a company _always_ involved in auto glass repair, paid each and every monthly royalty payment

beginning in December 2000. Novus never inquired why SES or Pedersen was not sending a royalty check, which would likely have been a violation of the Franchise Agreement. Instead, it willingly accepted royalty payments from SGI, despite not having any legal or contractual relationship with SGI. There is no question that conduct constituted a waiver of Pedersen's restrictions from involvement in auto glass repair. Indeed, such conduct strongly supports a finding that the entirety of the Franchise Agreement was waived by the conduct of the signatories to said Franchise Agreement.

7. Plaintiff's contention the "Co-Branded Franchise Agreement" would not have contained a waiver of any non-competition agreement. Whether or not that statement is true is completely irrelevant due to Novus's representations to Pedersen that if he signed the Franchise Agreement, they would provide a "Co-Branded Franchise Agreement" to address his stated concerns. No such "Co-Branded Franchise Agreement" was ever presented to Pedersen for review, nor has it been made part of the record.

8. Plaintiff's Motion for Leave to Reply was based in large part on its assertion that it needed the opportunity to respond to newly raised issues and facts. Similarly, Defendants request the chance to respond to the documents newly discovered by Plaintiff when it reviewed, presumably, the entirety of its file.

Dated May 10, 2012            **KNUDSON, TORVINEN, JONES & KIRK, S.C.**
                              Attorneys for Defendants


                              BY: *s/ Kyle H. Torvinen*_____
                              Kyle H. Torvinen, a member of the firm.
                              State Bar No: WI 1022069, MN 245100
                              823 Belknap Street, Suite 222

Superior, WI  54880
(715) 394-7751
Facsimile: (715) 395-0923
Email: ktorvinen@superiorlawoffices.com