IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOVUS FRANCHISING, INC.,

        Plaintiff,

v.

SUPERIOR ENTRANCE SYSTEMS, INC.,
SUPERIOR GLASS, INC., and
KNUTE R. PEDERSEN,

        Defendants.

AMENDED
OPINION AND ORDER

12-cv-204-wmc

---

Before this court are defendants' motion for leave to file a sur-reply to plaintiff's motion for a preliminary injunction (dkt. #45) and defendants' motion to stay proceedings in the case (dkt. #31). The former will be granted, and the latter decided after the hearing.

OPINION

**I.**  **Motion for Leave to File Sur-Reply**

Earlier in this case, plaintiff sought, and this court granted, permission to file a reply brief in support of plaintiff's motion for a preliminary injunction. (Dkt. #37) Defendants now seek leave to file a ten page sur-reply brief to respond to plaintiff's reply brief. As defendants point out, this court's standard practice on such motions is to allow the respondent the final word. *See Procedure to be Followed on Motions for Injunctive Relief*, http://www.wiwd.uscourts.gov/assets/pdf/InjunctiveReliefBbc.pdf. Having granted plaintiff extraordinary relief by allowing a reply, the court will grant defendants the same relief, but, in addition to limiting the sur-reply to ten pages, will limit argument and

supporting materials to those matters raised in plaintiff's reply. In addition, any sur-reply must be filed with this court by 1pm on May 22.

II.     Motion to Stay the Proceedings

Defendants have moved to stay all proceedings in this case on a theory that plaintiff is a foreign corporation transacting business in Wisconsin without having obtained a certificate of authority to do so from the Wisconsin Department of Financial Institutions. Under Wis. Stat. 180.1502(1), such a corporation "may not maintain a proceeding in any court in [Wisconsin]." Plaintiff concedes that it has not obtained the necessary certificate, but denies that it has ever transacted business in Wisconsin.

As an initial matter, defendants' motion will be denied to the extent it seeks to stay proceedings on plaintiff's federal law claims (namely: trademark infringement under the Lanham Act). Wisconsin Statute 180.1502(1) is inapplicable to federal law claims in federal court, if not facially then as a matter of federal supremacy. This leaves two potential stay-related issues for the court's hearing on May 24: (1) the factual and legal question of whether plaintiff has been "transacting business" in Wisconsin; and (2) the legal question of whether § 180.1502(1) bars plaintiff's state law claims in federal court.

As to the first question, the court finds that defendants have thus far failed to show that plaintiff transacts business in Wisconsin. Defendants allege that plaintiff "has executed Franchise Agreements, collected royalties, sold products [], sent correspondence to companies and individuals in Wisconsin, and attempted to profit from its business transactions in the State of Wisconsin." (Dkt. #31) Plaintiff admits that it corresponds

with and sends supplies to its franchisees in Wisconsin, and collects royalty checks sent from Wisconsin, but denies that it exercises any control over day-to-day operations of the franchised businesses. (Dkt. #33, p3) Plaintiff also avers that each Wisconsin franchise agreement was sent unsigned to the franchisee, and the executed copy was subsequently signed by plaintiff's officers in Minnesota. (*Id.;* dkt. #34 ¶4-5) The court understands plaintiff to be denying that it "sells products" or "engages in business transactions" in Wisconsin. At the hearing, both sides will be allowed to present evidence to show why this denial is factually true or false, and to argue whether plaintiff's franchising actions constitute "transacting business" as a matter of law.

The second question before the court is one raised *sua sponte*, and the parties may (but need not) address it at the hearing. The question is whether a state door-barring statute such as § 180.1502(1) prevents a federal court from exercising its supplemental jurisdiction to hear state law claims. This appears to be a somewhat unsettled legal issue. *See* 6A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1569.

In *Woods v. Interstate Realty Company*, 337 U.S. 535 (1949), the Supreme Court found that state door-barring statutes, such § 180.1502(1), prevent a federal court exercising *diversity* jurisdiction to hear state law claims. *Id.* at 538 ("[A] right which local law creates but which it does not supply with a remedy is no right at all for purposes of enforcement in a federal court in a diversity case; . . . where in such cases one is barred from recovery in the state court, he should likewise be barred in the federal court."). However, the *Woods* holding may not be dispositive here for two reasons. First, this 1949

case holding has been called into question by some courts in light of *Hanna v. Plumer*, 380 U.S. 460 (1965). *See* Wright & Miller § 1569; *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 381 (S.D.N.Y. 1998). Second, *Woods* involved a federal court sitting in diversity, whereas here the court may take up plaintiff's state law claims under its supplemental jurisdiction. 28 U.S.C. § 1367. To the extent that § 180.1502(1) can be characterized as a law governing capacity to sue (as opposed to a substantive right), the court notes that plaintiff already has capacity to come before this court by virtue of his federal claims, which cannot be taken away by state law.

Finally, the court hastens to add that while it is willing to grapple with the above-mentioned legal and factual questions at the upcoming injunction hearing, plaintiff can easily null defendants' argument by registering with the State of Wisconsin. Of course, while the court is under the impression that the procedure is relatively quick and inexpensive, it also appreciates there may be business or tax reasons which will cause it not to do so.

## ORDER

IT IS ORDERED that:

1) defendants' motion for leave to file a sur-reply (dkt. # 45) is GRANTED; and

2) defendants' motion for a stay of proceedings will be decided after the **May 24** injunction hearing.

Entered this 21st day of May, 2012.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

4