IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOVUS FRANCHISING, INC.,

                      Plaintiff,                    OPINION AND ORDER

v.

                                                12-cv-204-wmc

SUPERIOR ENTRANCE SYSTEMS, INC.,
SUPERIOR GLASS, INC., and KNUTE
PEDERSEN,

                      Defendants.

---

In light of defendants' timely demand for a jury trial and plaintiff's argument that defendants have contractually waived that right, the court requested briefing from both sides. The court now finds that all defendants are bound by a valid contractual waiver and, accordingly, that the matter will proceed by trial to the court.

BACKGROUND[1]

In 2006, defendants Superior Entrance Systems, Inc. ("SES") and Knute Pedersen executed a franchise renewal agreement with plaintiff Novus Franchising, Inc. ("Novus"), binding SES and Pedersen as franchisee and contract guarantor, respectively. Defendant Superior Glass, Inc. ("SGI") was not a signatory to the franchise agreement, even though it, rather than SES, acted as the de facto franchisee from the outset of the relationship.

For several years, SGI advertised the Novus logo, operated a Novus franchise, and sent Novus royalty checks as required by the contract. SGI and SES are separate legal

---

[1] The following facts are undisputed by the parties for the purposes of this order.

entities, though they are closely affiliated, share some common ownership and are both managed by Knute Pedersen. SGI, SES and Pedersen all do business in Superior, Wisconsin, while Novus is based in Minnesota.

Section 25.9 of the franchise agreement contains a provision waiving all parties' right to a jury trial. Specifically, the jury waiver provision states:

> Jury Waiver.
>
> To the extent either of us initiates litigation involving this agreement or any aspect of the relationship between us (even if other parties or other claims are included in the litigation), you and we each waive our right to a trial by jury. This waiver will apply to all causes of action that are or might be included in the litigation, including claims related to the enforcement or interpretation of this agreement, allegations of state or federal statutory violations, fraud, misrepresentations, or similar causes of action, and in connection with any legal action brought for the recovery of damages between or among us or between or among any of our owners, affiliates, officers, employees or agents.

(Dkt. 17-1, ¶ 25.9 (original in all capital letters).)

Section 27.1 of the franchise agreement contains a choice-of-law provision that states in pertinent part: "[T]his Agreement and the relationship between us will be governed by the laws of Minnesota, but if you are not a resident of Minnesota or [your franchise territory] does not include a portion of Minnesota, then the Minnesota Franchises Act will not apply to this Agreement." (Dkt. 17-1, ¶ 27.1.)

OPINION

Defendants' claimed right to proceed with a jury trial turns on two discrete questions: (1) whether the jury waiver provision in the franchise agreement is enforceable

2

under Minnesota law against Superior Entrance Systems and Knute Pedersen; and if so (2) whether the jury waiver provision also applies to Superior Glass, a non-signatory to the franchise agreement.

I. Validity of the Jury Waiver Clause Under Minnesota Law

In the Seventh Circuit, the validity of a contract jury waiver clause is analyzed under "the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008). Therefore, the court must determine the state law applicable to the contract as a whole, starting with the axiom that when a federal court addresses state law claims it must apply the conflict-of-laws rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020 (1941); *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 681 (7th Cir. 1986) (applying this rule in the exercise of supplemental jurisdiction).

In Wisconsin, parties to a contract may choose the law of a particular jurisdiction to control their agreement unless applying that law would compromise an important public policy of the state whose law would otherwise apply. *Bush v. Nat'l Sch. Studios, Inc.*, 139 Wis.2d 635, 642, 407 N.W.2d 883, 886 (Wis. 1987). In this case, there is an unambiguous choice of law provision in the parties' franchise agreement favoring Minnesota law, with the caveat that the Minnesota Franchise Act does not apply to franchisees outside of Minnesota.[2]

---

[2] Absent this provision, Wisconsin's choice-of-law rules would presumably select

3

As a general matter, Minnesota law supports the enforcement of a contractual waiver of the right to jury trial. *Ottman v. Fadden*, 575 N.W.2d 593, 597 (Minn. Ct. App. 1998) ("[T]he constitutional right to a jury trial may be waived by the parties' agreement."). The Minnesota Franchise Act and its implementing regulations provide a notable exception to this rule, prohibiting jury waiver clauses in franchise agreements. *See* Minn. Stat. § 80C.14; Minn. R. 2860.4400. As mentioned, however, the choice of law provision in the parties' contract expressly rejects the application of the Minnesota Franchise Act to franchises located outside that state. Even without the choice of law provision, that Act is inapplicable to defendants, who are not Minnesota residents and who operate a franchise territory located entirely outside of Minnesota. *Martin Investors, Inc. v. Vander Bie*, 269 N.W.2d 868, 872 (Minn. 1978) ("Chapter 80C was adopted . . . to protect potential franchisees within Minnesota."). *See also In re Northeast Exp. Regional Airlines, Inc.*, 228 B.R. 53, 59 (Bkrtcy. D. Me. 1998) (analyzing extraterritorial application of the Minnesota Franchise Act in light of caselaw and legislative history).

Instead, it is Wisconsin's franchise and fair dealership law that governs SES and Pedersen, both Wisconsin residents.[3] *See Cutter v. Scott & Fetzer Co.*, 510 F. Supp. 905, 909 (E.D. Wis. 1981) (applying the Wisconsin Fair Dealership Law notwithstanding a contrary choice of law provision). In contrast to the Minnesota Fair Dealership Act, Wisconsin's Franchise Investment and Fair Dealership Laws contain no rule against

---

Minnesota or Wisconsin law. Defendants have not identified, and the court has not found, any Wisconsin public policy interest outside the area of franchise and fair dealership law that would override the selection of Minnesota law here.

[3] This is dictated by Wisconsin's overriding public policy, and it would be the case regardless of what the parties' contractual choice-of-law provision might otherwise dictate.

waiving a jury trial.  Therefore, the jury waiver provision in the contract is valid under the provisions of Minnesota and Wisconsin law that apply to defendants SES and Knute Pedersen.

## II. Applicability of the Jury Waiver Clause to Superior Glass, Inc.

The court next must determine whether the jury waiver clause also applies to defendant SGI, which never formally signed the franchise agreement but was the principal beneficiary.  Plaintiff argues that SGI is bound because of equitable estoppel and because it acted as an agent of a signatory to the agreement.  Defendants concede that both theories are recognized under Minnesota law as sufficient to hold a nonsignatory to a contract.  *Onvoy, Inc. v. Shal, LLC,* 669 N.W.2d 344, 356 (Minn. 2003).  Nevertheless, defendants contend that the particular facts of this case trigger neither theory.  The court disagrees, at least with respect to equitable estoppel.

Estoppel is defined as "[a] bar that prevents one from asserting a claim or right that contradicts what one has said or done before." Black's Law Dictionary 629 (9th ed. 2009). Equitable estoppel "precludes one who accepts the benefits [under a contract] from repudiating the accompanying or resulting obligation.  Parties cannot accept benefits under a contract fairly made and at the same time question its validity."  Am. Jur. Estoppel § 60.

When it recognized equitable estoppel as a basis to bind a nonsignatory to a contract under Minnesota law, the Minnesota Supreme Court in *Onvoy, Inc. v. Shal* did little more than simply cite to *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th

Cir. 1999) (abrogated on other grounds), the foremost decision among a series of Eleventh Circuit cases applying the federal law of equitable estoppel to contractual arbitration provisions. Thus, the text of the *Onvoy* opinion provides very little direct guidance on how to analyze an equitable estoppel argument under modern Minnesota law. On the other hand, the *MS Dealer* court has articulated a widely-cited test setting forth the circumstances in which equitable estopped will hold a non-signatory to the terms of a contract.[4] *MS Dealer*, 177 F.3d at 947. Although *Onvoy* did not explicitly adopt this test, this court thinks it reasonable to assume that the Minnesota Supreme Court would not have cited *MS Dealer* unless it approved the general test included in that decision, at least absent any contrary evidence.

The *MS Dealer* test articulates two situations in which a non-signatory may be bound to an agreement by equitable estoppel: *first,* when a signatory to the written agreement relies on the terms of the written agreement in asserting its claims against the nonsignatory; and *second*, when a signatory to the agreement raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more signatories. *Id.* The second option in the *MS Dealer* test has received criticism on grounds that it goes far beyond "traditional principles" of equitable estoppel. *Kingsley Capital Mgmt, LLC v. Sly,* 820 F. Supp. 2d 1011, 1024 (D. Ariz. 2011). While that criticism appears sensible, it is of little moment, for here the facts satisfy either test: (1) plaintiff's complaint hinges upon the terms of the written agreement, and (2) the

---

[4] The test is cited, for example, in *Brantley v. Republic Mortgage Ins. Co.*, 424 F.3d 392, 395-96 (4th Cir. 2005); *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000); and *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798 (8th Cir. 2005).

6

other defendants, whose conduct is intertwined with that of SGI, are recognized signatories.[5]

Having determined that the instant situation is one to which equitable estoppel applies in principle, the only thing left to do is apply the theory to the facts. Since the facts read like they belong on the first page of an equitable estoppel textbook, this turns out to be an exceedingly straightforward exercise. SGI advertised itself as a Novus franchisee, benefitted from the skills that Novus taught to Deanne Tapani as a Novus franchisee, and paid royalties to Novus in accordance with the terms of the franchise agreement. Moreover, SGI's manager, Knute Pedersen, knew exactly what was going on because he controlled both the nominal signatory (SES) and the de facto party to the contract (SGI). Under Pedersen's direction, SGI performed in every respect as if it were party to the franchise agreement, stepping into the shoes left vacant by SES and benefiting from its terms. It cannot now reject those same terms.

ORDER

IT IS ORDERED that defendants' request for a trial by jury is DENIED.

Entered this 15th day of August, 2012.

BY THE COURT:

/s/_____
WILLIAM M. CONLEY
District Judge

---

[5] *Onvoy* and *MS Dealer* also involved the enforcement of an arbitration clause, in contrast to this case, which concerns a jury waiver clause. Defendants advance no principled reason to distinguish between arbitration and jury waiver, nor could they, for an agreement to arbitrate generally entails waiver of the right to a jury.