UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| Novus Franchising, Inc., a Washington corporation, | File No. 3:12-CV-00204-WMC |
| Plaintiff, | |
| v. | **MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF NOVUS'S MOTION FOR AN ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS SUPERIOR GLASS, INC. AND KNUTE R. PEDERSEN SHOULD NOT BE HELD IN CONTEMPT** |
| Superior Entrance Systems, Inc., a Wisconsin corporation, Superior Glass, Inc., a Wisconsin corporation, and Knute R. Pedersen, an individual, | |
| Defendants. | |

---

TO: Defendants Superior Entrance Systems, Inc., Superior Glass, Inc. and Knute R. Pedersen, and their attorney Kyle H. Torvinen, Esq., Knudson, Torvinen, Jones & Kirk, S.C., 823 Belknap Street, Ste. 222, Superior, WI 54880.

## MOTION

Plaintiff Novus Franchising, Inc. ("Novus") hereby respectfully moves this Court for leave to file a reply brief, not to exceed five pages and to be filed no later than March 11, 2013, in support of Novus's motion for an order to show cause as to why Defendants Superior Glass, Inc. ("Superior Glass") and Knute R. Pedersen ("Pedersen") should not be held in contempt for violating the judgment entered on January 3, 2013 and this Court's Opinion and Order dated January 17, 2013.

Specifically, Novus seeks to address:

1. That Superior Glass and Pedersen are <u>violating the plain language of the covenant not to compete as blue-penciled by this Court in its Opinion and Order dated December 28, 2012</u> and reduced to judgment on January 3, 2013.  *See* Doc. No. 120.

2.  The December 28, 2012 Opinion and Order states that the covenant not to compete is enforceable as follows:

> *22.3 Post-Term Covenant Not-to-Compete*
> You agree that you, your Owners, [and] the Personal Guarantors, ~~and the members of your and their Immediate Families will not,~~[1] for a period of two years after the termination or expiration of this Agreement, for your or their own account or as an employee, agent, consultant, partner, officer, director, member, or owner of any other person, firm, entity, partnership, company, or corporation (a) seek to employ any person who is at that time employed by us or by any Novus® Franchisees without the prior consent of their employer, (b) own, operate, lease, franchise, conduct, engage in, consult with, **be connected with**, have any interest in, **or assist** [Superior Glass, Inc. **or**] any person or entity [legally **connected with or in effective successorship to Superior Glass, Inc.**] . . .

Doc. No. 120, ¶ 7 (emphasis added).

3.  Both Superior Glass and Pedersen, by continuing to have an interest in Superior Glass, have now admitted to the Court that they are violating the plain terms of the covenant not to compete by "be[ing] connected with" and "assist[ing]" an entity "connected with or in effective successorship to Superior Glass", specifically SGI Windshield Repair, LLC ("SGI Windshield Repair").

4.  Defendants admit Superior Glass is referring all auto glass repair business to SGI Windshield Repair. *See* Colborn Aff., Doc. No. 151, Ellison Aff., Doc. No. 152. Superior Glass admits it not only sent a letter to its customers referring all auto glass repair business to SGI Windshield Repair, it also admits that Superior Glass is transferring all telephone calls related to auto glass repair to SGI Windshield Repair, who

---

[1] Novus states that the striking of the language "will not" is a typographical error.

is operating within the same building.  Colborn Aff., ¶¶ 6, 8, 9, 13; Ellison Aff., ¶¶ 5-12; Exs. A, B (Instructions for Superior Glass employees to transfer calls to SGI Windshield Repair, stating "[d]ue to a dispute with Novus Franchising, Superior Glass can no longer perform windshield repairs.  We refer all our windshield repairs to SGI Windshield Repair.  I can transfer your call to that company, if you get disconnected or should need to call back, the number you should call is 715-392-9595.").

5.  These actions violate not only the "spirit" of this Court's instructions for Pedersen to either divest himself of all interest in Superior Glass or for Superior Glass to cease all auto glass repair, but also the plain language of the blue-penciled covenant not to compete.

Based upon the foregoing, Novus respectfully requests this Court: (a) issue an order compelling Defendants Superior Glass and Pedersen to show cause as to why they should not be held in contempt; or (b) grant Novus leave to file a reply brief in support of its Motion for an Order to Show Cause prior to ruling on the motion.

Dated:  March 7, 2013   /s/Susan E. Tegt
James M. Susag (WI 1038421)
Susan E. Tegt (MN 387976)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota  55431-1194
jsusag@larkinhoffman.com
stegt@larkinhoffman.com
(952) 835-3800

Attorneys for Plaintiff Novus Franchising, Inc.

1447432.1