UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

------------------------------------

Novus Franchising, Inc., a
Washington corporation,

                          Plaintiff,

        v.

Superior Entrance Systems, Inc., a
Wisconsin corporation, Superior Glass,
Inc., a Wisconsin corporation, and Knute
R. Pedersen, an individual,

                          Defendants.

------------------------------------

File No. 3:12-CV-00204-WMC

**STIPULATED ORDER
FOLLOWING SETTLEMENT**

Before the Court is Plaintiff Novus Franchising, Inc.'s ("Novus") and Defendants

Superior Entrance Systems, Inc.'s ("SES"), Superior Glass, Inc.'s ("SGI"), and Knute R.

Pedersen's ("Pedersen") (collectively "Defendants"), Notice of Satisfaction of Monetary

Judgments and Joint Motion for an Order Following Settlement.  After having considered

it, the Court is of the opinion that the parties' requested relief should be GRANTED.

ACCORDINGLY, IT IS ORDERED that:

1.      by virtue of consideration for the settlement agreement between Novus and

Defendants (the "Agreement"), Defendants have settled all monetary obligations arising

from this action, or imposed by any judgment entered herein, including the judgments

entered on January 3, 2013 and February 26, 2013, and any order awarding the recovery

of money to Novus, including but not limited to the Opinion and Order dated May 16,

2013; and

2.      the Letter of Credit filed as Document No. 174 is hereby unconditionally

terminated, discharged, and deemed of no further force or effect; and

5773047v1

3.     Defendant Pedersen may release from trust such of his SGI stock that was placed into trust pursuant to this Court's May 25, 2012 Opinion and Order;

4.     Defendant SGI may may take down from its counter and website any disclaimers stating SGI is no longer a Novus franchisee; and

5.     for a two-year period beginning February 29, 2012 as to SES and for a two-year period beginning February 18, 2013 for Pedersen, SES and Pedersen are and shall be subject to the non-competition covenant as modified by this Court by an Opinion and Order filed on December 28, 2012, and as interpreted by this Court by an Opinion and Order filed on May 16, 2013 ("Non-Compete Obligations"); and

6.     to the extent Novus intends to monitor SES's or Pedersen's continued compliance with the Non-Compete Obligations, Novus and its current and former owners, directors, officers, employees, and agents shall do so in good faith and in commercially reasonable means, frequency, and duration, so as not to harass Defendants or disrupt their business.

The Court retains jurisdiction over the parties for the purposes of enforcing the Non-Compete Obligations and the Agreement.

Each party to bear its own costs and fees.

BY THE COURT:

Dated: 11/20/13

William M. Conley
District Judge

2